UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————x

YEPES, *et al.*,

    Plaintiffs,

-against-

El Tio Pio West Inc., *et al.*,

    Defendants.
————————————————————x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/10/18

No. 18 Civ. 2038 (CM)

## DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS

McMahon, C.J.:

Plaintiffs Jorge Yepes and Julio Cesar Esquivel Rivera ("Plaintiffs") are former employees of restaurants who are seeking redress for, *inter alia*, alleged unpaid overtime wages pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and New York Labor Law ("NYLL") §§ 650 *et seq.*

Defendants – three restaurants and five individuals who own, operate, or control these restaurants – filed an answer, dated May 9, 2018, asserting the following counterclaims against Plaintiffs: intentional infliction of emotional distress (Count I); damage to business reputation (Count II); unlawful discriminatory practices, pursuant to New York Executive Human Rights law § 296(6) (Count III); unlawful discriminatory practices, pursuant to New York City Human Rights Law § 8-107(1)(c) (Counts IV & V), and tortious interference with business relations (Count VI) (collectively, the "Counterclaims").

On May 30, 2018, Plaintiffs moved to dismiss all counterclaims. (Dkt. No. 39.) Despite the passage of more than six months, Defendants have not responded to Plaintiffs' motion.

1

Plaintiffs' motion is granted, because the Court does not have subject matter jurisdiction over Defendants' Counterclaims, pursuant to 28 U.S.C. § 1367.

Section 1367(a) provides that a court has supplemental jurisdiction over all claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" Counterclaims raising issues of state law are part of the "same case or controversy" only where they share a "common nucleus of operative fact" with the plaintiff's underlying claim(s). *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Where, as here, the only factual connection between the allegations stated in a complaint and the counterclaims is the parties' employment relationship, that does not suffice to establish a "common nucleus of fact" necessary to support supplemental jurisdiction. *See, e.g., Yahui Zhang v. Akami Inc.*, No. 15 Civ. 4946 (VSB), 2017 WL 4329723, at *11 (S.D.N.Y. Sept. 26, 2017); *Ozawa v. Orsini Design Assocs., Inc.*, No. 13 Civ. 1282 (JPO), 2015 WL 1055902, at *12 (S.D.N.Y. Mar. 11, 2015); *Thomas v. EONY LLC*, No. 13-CV-8512 JPO, 2015 WL 1809085, at *7 (S.D.N.Y. Apr. 21, 2015); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008); *Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 395 (E.D.N.Y. 2007); *see also Lyon v. Whisman*, 45 F.3d 758, 762–64 (3d Cir. 1995) (collecting cases and thoroughly discussing this issue).

Here, Defendants have not made any effort to show – and, indeed, the Answer does not establish on its face – that the allegations underlying their Counterclaims arise from a common nucleus of facts as those underlying Plaintiffs' claims.

Assuming *arguendo* that Defendants' Counterclaims could support a finding of supplemental jurisdiction under § 1367(a), the Court would decline to exercise its supplemental jurisdiction under § 1367(c) in light of the additional discovery need to address numerous facts

not at issue in the complaint, and because Defendants have shown little interest in prosecuting their own claims.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to dismiss Defendants' Counterclaims is granted. The Clerk of Court is respectfully directed to remove the open motion at Dkt. No. 39.

Dated: December 10, 2018

                                                                                Chief Judge

BY ECF TO ALL COUNSEL