UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

YEPES, et al.,

                Plaintiffs,

    -against-                                18 Civ. 2038 (CM)

TIO PEPE WEST INC., et al.,

                Defendants.

————————————————————————x

    ORDER TENTATIVELY APPROVING SETTLEMENT, AWARDING
    ATTORNEY'S FEES AT 1.5 TIME LODESTAR RATHER THAN
    5 TIMES LODESTAR, AND REMITTING TO THE PARTIES TO
    PREPARE AN ADDENDUM TO THE SETTLEMENT AGREEMENT

McMahon, C.J.:

    On September 3, 2019, the parties to this Fair Labor Standards Act/New York Labor Law action submitted for approval, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015), a proposed settlement of the claims of the two plaintiffs, Jorge Yepes and Juilio Cesar Esquivel Rivera. The settlement call for the payment of a total of $80,000, to be divided as follows:

| | |
|---|---|
| To Plaintiff Yepes: | $42,766.40, half as W-2 income and half as 1099 liquidated damages and interest |
| To Plaintiff Esquivel: | $10,040.00, half as W-2 income and Half as 1099 liquidated damages and interest |
| To Counsel: | $27,193.61 in attorney's fees and costs. |

    The settlement amounts to the two plaintiffs appear to be fair and reasonable in light of estimates of the amounts that each of them is owed. To that extent, the settlement is approved.

    The proposed attorney's fee is not approved. It represents a 500% over lodestar payment (the lodestar amount being just $5,505, plus $790.42 in costs, much of which is the filing fee). The minimal amount of work that was done by Mr. Faillace and his associate in bringing this matter to

a swift conclusion in no way justifies such an outsized multiplier over lodestar – a multiplier that this court has never imposed in any case, including the most complicated matters.

The court is prepared to award 1.5 times lodestar, or \$8,257.50 in fees, together with \$790.42 in costs.

I do not see anything in the settlement agreement that suggests what is to be done with any amount of the agreed settlement that is not awarded -- nothing about reducing the amount of the settlement by the amount of fees disallowed, nothing about adding any amount not paid to counsel to the amount to be paid to the plaintiffs on a pro rata basis.

Mr. Faillace's associate suggested that the latter approach would be acceptable, but while I understand that Defendants are eager to settle and that \$80,000 is an acceptable number to them, I am not in the business of unilaterally amending settlement agreements.

If the parties are in agreement that this approach is fair and reasonable, they should execute an amendment to the settlement agreement, which the court will approve. I will not increase the fee award to reflect time spent preparing such a document.

Dated: November 1, 2019

Chief Judge

BY ECF TO ALL COUNSEL